**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Roger Allen Sharp, | No. CV-23-00984-PHX-DJH (DMF) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Arizona, et al., | |
| Respondents. | |

**TO THE HONORABLE DIANE J. HUMETEWA, UNITED STATES DISTRICT JUDGE:**

This matter is on referral to the undersigned for further proceedings and a report and recommendation pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure. (Doc. 5 at 3)[1] This matter is before the Court on Petitioner's June 19, 2024, Motion to Supplement Habeas Corpus – Claims by Citation Included. (Doc. 19) On July 15, 2024, Respondents filed a response. (Doc. 25) On July 22, 2024, Petitioner filed a reply. (Doc. 28) After careful review of the record, the parties' arguments, and the applicable law, it is recommended that Petitioner's Motion to Supplement be denied.

**I.    PROCEDURAL HISTORY AND POSTURE**

On April 3, 2023,[2] Petitioner, who is confined in the Arizona State Prison Complex

---

[1] Citation to the record indicates documents as displayed in the official Court electronic document filing system maintained by the District of Arizona under Case No. CV-23-00984-PHX-DJH (DMF).

[2] The Petition was docketed by the Clerk of Court on June 1, 2023. (Doc. 1) The Petition was signed by Petitioner on April 3, 2023. (Doc. 1 at 17) This Report and Recommendation

in Tucson, Arizona, filed a *pro se* "Writ of Coram Nobis, Writ of Error" ("Petition"). (Doc. 1) On July 17, 2023, the Court construed the Petition as filed under 28 U.S.C. § 2254, dismissed the Petition, and allowed Petitioner leave to file an amended petition within thirty days of the Court's Order. (Doc. 6 at 4-5)

On August 2, 2023, Petitioner filed an Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) ("Amended Petition"). (Doc. 8) In his August 2, 2023, Amended Petition, Petitioner raises two grounds for relief. (Doc. 8) In Amended Petition Ground One, Petitioner asserts there is "newly discovered evidence" and that his guilty plea was involuntary because he did not know that the "state had withheld exculpatory evidence[.]" (*Id*. at 4) This Court construed Petitioner's Ground One claim as an assertion that Petitioner's Fifth and Sixth Amendment rights were violated. (Doc. 9 at 2) To the Amended Petition, Petitioner attached his April 3, 2023, Petition, in which Petitioner argues that the state knowingly withheld material evidence, "forcing [Petitioner] to unwillingly and unknowingly plead guilty to a crime another has pled guilty to" in violation of Petitioner's Fifth Amendment right against self-incrimination. (Doc. 8 at 40) Petitioner further argues that he was unable to cross-examine the police officer in his case, in violation of the Sixth Amendment Confrontation Clause. (*Id*. at 36-40)

In Amended Petition Ground Two, Petitioner asserts a "Non disclousure [*sic*] of documents" and that the state "knowingly suppressed exculpatory evidence in order to gain wrongful conviction[.]" (Doc. 8 at 7) This Court construed Petitioner's Ground Two claim as a Fourteenth Amendment claim under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). (Doc. 9 at 2) In his Petition attached to the Amended Petition, Petitioner argues that the state

---

uses April 3, 2023, as the operative filing date of the Petition. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("A petition is considered to be filed on the date a prisoner hands the petition to prison officials for mailing."); *Melville v. Shinn*, 68 F.4th 1154, 1159 (9th Cir. 2023) (affirming that the prison mailbox rule "applies to pro se federal habeas petitions" on the date a petitioner signs, dates, and attests the petition was placed in the prison mailing system); *see also* Rule 3, Rules Governing Section 2254 Cases (petition is timely if deposited in prison mailing system on or before last day for filing, which may be shown by "declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement").

withheld exculpatory evidence in violation of *Brady*, namely that a victim in Petitioner's case initiated a civil lawsuit against the City of Phoenix and the Phoenix Police Department. (Doc. 8 at 31-35) Petitioner asserts that at the time of sentencing, the state knew of the civil lawsuit and intentionally suppressed evidence regarding the lawsuit. (*Id*.) Further, Petitioner asserts that the victim stated in the civil lawsuit that the victim did not know whether Petitioner or a police officer shot him, which was "a material fact that completely alters" Petitioner's case. (*Id*. at 31)

On November 3, 2023, the Court ordered Respondents to answer the Amended Petition. (Doc. 9 at 3-4) On January 10, 2024, Respondents filed their Answer to the Amended Petition. (Doc. 16) In their Answer, Respondents asserted that the Amended Petition claims are non-cognizable and fail on the merits. (*Id*. at 11-24) On January 22, 2024, Petitioner filed a reply. (Doc. 17) Petitioner's Amended Petition is addressed by separate Report and Recommendation.

On June 12, 2024, Petitioner filed a Motion to Supplement Habeas Corpus – Claims by Citation Included. (Doc. 19) On July 15, 2024, Respondents filed a response. (Doc. 25) On July 22, 2024, Petitioner filed a reply. (Doc. 28)

On June 18, 2024, Petitioner filed a Motion to Compel Discovery (20) Disc's Audio-Video Footage From Prosecutor. (Doc. 18) On June 24, 2024, Respondents filed a response. (Doc. 20) On July 1, 2024, Petitioner filed a reply. (Doc. 23) On July 8, 2024, Petitioner filed a supplemental affidavit in support of the Motion to Compel. (Doc. 24) On August 5, 2024, the Court denied Petitioner's Motion to Compel. (Doc. 29)

On July 17, 2024, Petitioner filed a Motion for (FOIA) Freedom of Information Act. (Doc. 26) On July 22, 2024, the Court denied Petitioner's Motion for (FOIA) Freedom of Information Act without prejudice to Petitioner bringing appropriate requests in the proper forum. (Doc. 27)

## II.    PETITIONER'S MOTION TO SUPPLEMENT (Doc. 19)

On June 19, 2024, Petitioner filed the present Motion to Supplement Habeas Corpus – Claims by Citation Included ("Motion to Supplement"). (Doc. 19) In his Motion to

Supplement, Petitioner requests to add a claim pursuant to *Napue v. Illinois*, 360 U.S. 264 (1959), to the Amended Petition. (*Id*. at 1-9) Petitioner asserts that the victim made materially false statements regarding who shot the victim. (*Id*. at 6) Specifically, Petitioner asserts that the victim initially stated he could not remember who shot him during the events leading to the charges against Petitioner, yet the victim later stated a police officer shot him. (*Id*.) Petitioner argues that the prosecutor knew about the false evidence and intentionally withheld the victim's contradictory statements of blame. (*Id*.) Petitioner asserts that the state's failure to disclose exculpatory evidence led Petitioner to plead guilty instead of proceeding to trial, because the victim's statements suggested that the police officer, not Petitioner, shot the victim. (*Id*. at 7-8) Petitioner argues that the newly discovered evidence would prevent a jury from finding Petitioner guilty and that the actual innocence gateway allows this Court to address his proposed *Napue* claim on the merits. (*Id*. at 8-9) To the Motion to Supplement, Petitioner has attached a July 19, 2022, affidavit from an attorney at the Maricopa County Attorney's Office who assisted with Petitioner's case (*Id*. at 11-13); an excerpt from an undated and unlabeled court filing regarding the victim's responses to interrogatories about who shot the victim (*Id*. at 15-18); and a May 21, 2014, Phoenix Police Department report of an interview with the victim, several months following the events leading to the charges against Petitioner (*Id*. at 20-21).

In response to Petitioner's Motion to Supplement, Respondents assert that Petitioner's proposed amendment to the Amended Petition is inappropriate and futile. (Doc. 25 at 1-2) Respondents argue that Petitioner does not show that the proposed amended claim is meritorious because the victim's inability to remember who shot him is not newly discovered evidence and is not material. (*Id*. at 2) Moreover, Respondents argue that Petitioner does not meet the high standard for the actual innocence gateway in *Schlup v. Delo*, 513 U.S. 298 (1995). (*Id*. at 2-3)

In reply, Petitioner argues that he was deprived of due process due to the state's *Brady* violation of withholding exculpatory evidence. (Doc. 28 at 1-3) Petitioner acknowledges that he "cannot show that his new claim is potentially meritorious" but

argues that he cannot show that his claim is meritorious because the state withheld exculpatory audio-video discs in bad faith. (*Id.* at 3-4) Petitioner asserts that the victim's inability to remember who shot him is irrelevant to the state's suppression of evidence and moot because the police officer in Petitioner's case settled with the victim in the civil lawsuit and "conceded guilt[.]" (*Id.* at 5) Petitioner argues that the prosecutor in his case improperly vouched for the state's witnesses by referring to facts outside the record or implying that the veracity of a witness is supported by outside facts, and by implying a guarantee of truthfulness. (*Id.* at 6-7) Petitioner asserts that the false evidence violated Petitioner's Fourteenth Amendment due process rights and that a fundamental miscarriage of justice occurred because no reasonable jury would have found Petitioner guilty if provided the suppressed evidence. (*Id.* at 7-8)

A petition for habeas corpus may be amended pursuant to the Federal Rules of Civil Procedure. 28 U.S.C. 2242; Rule 12, Rules Governing Section 2254 Cases. Federal Rule of Civil Procedure 15(a) applies to a party's motion to amend a pleading in a habeas corpus proceeding. *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001).[3] Pursuant to Fed. R. Civ. P. 15(a), leave to amend shall be freely given "when justice so requires." Although a court should review motions to amend in light of the policy favoring amendment, a court may deny a motion to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may deny a motion to amend "where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). A court may also deny a motion to amend solely due to futility, involving an assessment of whether the proposed claim in the motion to amend was exhausted in state court and whether relief may be available on the merits of the proposed claim. *Caswell v. Calderon*, 363 F.3d 832, 837-39 (9th Cir. 2004).

---

[3] Motions to amend pleadings are also subject to LRCiv 15.1, with which Petitioner did not comply.

Here, Respondents correctly argue that Petitioner's proposed *Napue* claim in his Motion to Supplement would be futile. To exhaust state remedies prior to seeking a federal writ of habeas corpus, a petitioner must fairly present both the operative facts and the federal legal theory on which his claim is based to the Arizona Court of Appeals. *Castillo v. McFadden*, 399 F.3d 993, 998 & n.3 (9th Cir. 2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). Petitioner did not assert a *Napue* claim in his state court PCR proceedings. Notably, Petitioner asserted in his fourth state court PCR proceedings that the civil lawsuit filed by the victim in his case was newly discovered evidence, that the victim or the state had withheld material evidence regarding the victim not knowing who shot him, and that Petitioner would not have pleaded guilty based on the victim's statements. (Doc. 16-3 at 13-29) However, Petitioner did not frame these arguments as a *Napue* claim in his fourth state court PCR proceedings. Because Petitioner did not present the federal legal theory for his *Napue* claim to the state courts during his PCR proceedings, Petitioner did not fairly present his *Napue* claim to the state courts. As such, Petitioner's proposed *Napue* claim in his Motion to Supplement was not exhausted in state court. *O'Sullivan*, 526 U.S. at 843-45; *Swoopes*, 196 F.3d at 1010.

Petitioner asserts in his reply in support of the Motion to Supplement that the actual innocence exception permits this Court to address his proposed *Napue* claim. (Doc. 7-12) To pass through the actual innocence gateway for a procedurally barred claim, Petitioner must demonstrate new reliable evidence, *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995), such that "it is more likely than not that no reasonable juror would have convicted" Petitioner. *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013). Petitioner asserts that the state suppressed "7000+ documents of 'legal content' and (20) security surveillance videos" that would have allowed Petitioner to develop his defense to the charges against him. (Doc. 28 at 8-12) Petitioner does not demonstrate that the alleged suppressed evidence would have prevented a reasonable jury from finding Petitioner guilty. *McQuiggin*, 569 U.S. at 399; *Schlup*, 513 U.S. at 324-27. As such, Petitioner does not demonstrate new reliable evidence

of actual innocence such that Petitioner meets the standard for the actual innocence gateway.

Even if Petitioner had exhausted a *Napue* claim, Petitioner does not demonstrate that relief would be available on the merits of his proposed *Napue* claim. In *Napue,* the United States Supreme Court determined that "a conviction obtained through use of false evidence, known to be such by representatives of the States, must fall under the Fourteenth Amendment." 360 U.S. at 269. To obtain relief under *Napue*, Petitioner must show that (1) "the testimony or evidence in question must have been false or misleading," (2) "the State must have known or should have known that it was false or misleading," and (3) "the testimony or evidence in question must be material." *Panah v. Chappell*, 935 F.3d 657, 664 (9th Cir. 2019). Petitioner does not demonstrate in his Motion to Supplement that the victim's testimony was false or misleading, that the state knew that the testimony was false or misleading, or that the testimony was material. *Panah*, 935 F.3d at 664. Although Petitioner asserts that the victim initially stated that the victim did not remember who shot him and later stated that the police officer shot him, Petitioner presents no evidence that the victim asserted that Petitioner did not shoot him. The victim's not knowing who shot him and the victim declining to admit in the civil lawsuit that Petitioner shot him are not the same as the victim asserting that the police officer shot him. (*See* Doc. 19 at 14-18, 20-21) Further, prior to Petitioner's guilty plea, the state disclosed the victim's police interview, in which the victim stated that he could not remember what had happened during the events leading to the charges against Petitioner. (*See* Doc. 16-5 at 20-21; Doc. 16-6 at 26) Because Petitioner does not demonstrate that the victim's testimony was false or misleading, Petitioner also cannot demonstrate that the state knew about false or misleading testimony, nor that the testimony was material. Because Petitioner has not demonstrated that relief would be available on the merits of his proposed *Napue* claim, Petitioner's Motion to Supplement is futile and should be denied. *Caswell*, 363 F.3d at 837-39.

Moreover, Petitioner does not present new facts in his Motion to Supplement and does not explain why he could not have fully developed the arguments in his Motion to

Supplement in his Amended Petition. *See Bonin*, 59 F.3d at 845. In his Amended Petition in these habeas proceedings, Petitioner asserted that the state suppressed exculpatory evidence regarding the victim's lawsuit in violation of *Brady*; that the witnesses in his case provided false testimony regarding who shot the victim; and that the state was aware of the false testimony. (Doc. 8 at 31-35) In neither his Amended Petition nor his reply in support did Petitioner frame these arguments as a violation of *Napue*. Because Petitioner presents only a new claim in his Motion to Supplement, not new facts, and does not explain his failure to fully develop his proposed *Napue* claim previously, amendment of the Amended Petition is not appropriate. *Bonin*, 59 F.3d at 845.

Because Petitioner did not exhaust his proposed *Napue* claim in state court and has not demonstrated that relief would be available on the merits of his proposed claim, Petitioner's Motion to Supplement is futile. Petitioner presents no new facts and does not explain his failure to previously develop his proposed *Napue* claim. Accordingly, Petitioner's Motion to Supplement should be denied.

## III.    CONCLUSION

Petitioner's proposed amendment to the Amended Petition as set forth in his Motion to Supplement would be futile. Further, Petitioner does not explain why he could not have fully and previously developed the arguments in his Motion to Supplement. Therefore, it is recommended that Petitioner's Motion to Supplement be denied.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Supplement Habeas Corpus – Claims by Citation Included (Doc. 19) be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which

to file responses to any objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 5th day of August, 2024.

_____
Honorable Deborah M. Fine
United States Magistrate Judge